ZILPHA CREGAR, PROSECUTOR, v. THE TOWNSHIP COMMITTEE OF LEBANON TOWNSHIP, AND THE STATE BOARD OF TAXATION.

Submitted December 8, 1903—Decided February 23, 1904.

The state board of taxation has no power or authority to assess the property of an individual owner upon the application of a taxing district.

---

On *certiorari*.

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Martin Wyckoff*.

For the defendants, *John H. Nunn*.

The opinion of the court was delivered by

GARRETSON, J.   The township committee of Lebanon township, Hunterdon county, presented a petition to the state board of taxation setting forth that Zilpha Cregar was the owner of a certain farm in that township, upon which there was a mortagage executed to the Chancellor of this state for the sum of $2,470, made by Andrew C. Cregar and Zilpha Cregar, his wife, and that the consideration set forth in the mortgage was an amount set apart by order of the Court of Chancery as the dower of one Mary Trimmer, in the

lands and premises mortgaged, and that the interest was payable to Mary Trimmer during her life and the principal was payable to Zilpha Cregar upon the death of Mary Trimmer.

The petition further set forth that the mortgage had been assessed for the year 1902 and heretofore at its face value, by the assessor, to Mary Trimmer, as a mortgage against the lands of Cregar, and that Cregar claimed and had been allowed by the assessor a deduction for the same from the assessable value of the said lands.

The petition also set forth that a question had been raised as to whether or not the said assessment was properly and legally laid by the assessor, and also whether or not the whole or only a part of the taxes assessed on the said mortgage and premises should be paid by Mary Trimmer, and prays that the state board will in all things review the said assessment and correct the same if found by it to be improperly and illegally made, and determine the proper and legal manner of laying such assessment, and determine whether Mary Trimmer should pay all the taxes assessed or only a part thereof, and, if so, what part, and who are liable for the balance of said taxes, and fully and completely adjudge and determine the rights of all parties concerned in the premises, and how and in what manner the said taxes shall be assessed and collected, and, if incorrect, reassess the said mortgage and lands in accordance with the rights of the parties, and direct the assessors so to do, "and the law applicable to the same in accordance with the statute in such case made and provided."

The state board of taxation, having given notice to the prosecutor, had a hearing, at which the facts were admitted by counsel, and the state board made an order and decree, February 17th, 1903, which is called a judgment in the return, which recites the presentation of the petition, and that the board had examined into the matter, heard evidence and considered the same, and then proceeds: "It is ordered, adjudged and decreed by the said state board of

taxation, at a session thereof, held on the day and year last aforesaid, that the interest of the said Zilpha Cregar (the owner of said lands in the mortgage described) be assessed, as her interest in said lands may appear at the usual time of making the annual assessment for taxes in said township, based upon the age of the said Mary Trimmer, and calculated in accordance with the table of mortality in use in this state.

"That is to say, for the year 1899, the said Mary Trimmer then being eighty-two years of age and the tax rate in said township the sum of fourteen dollars per thousand, and the interest of the said Zilpha Cregar at that time in the lands so mortgaged being the sum of one thousand seven hundred and three dollars and one cent, she be assessed for the sum of twenty-three dollars and eighty-four cents.

"And that for the year 1901, the said Mary Trimmer then being eighty-four years of age, and the tax rate in said township the sum of twelve dollars per thousand, and the interest of the said Zilpha Cregar at that time in the lands so mortgaged being the sum of one thousand seven hundred and fifty-four dollars and forty-two cents, she be assessed for the sum of twenty-one dollars and five cents.

"And that for the year 1902, the said Mary Trimmer being eighty-five years of age, and the tax rate in said township the sum of fourteen dollars and eighty cents per thousand, and the interest of the said Zilpha Cregar at that time in the lands so mortgaged being the sum of one thousand seven hundred and eighty dollars and eighty-eight cents, she be assessed for the sum of twenty-six dollars and thirty-seven cents."

The prosecutor seeks to have this order or decree set aside, on the ground that the state board of taxation had no power or authority to make the same.

The powers of the state board of taxation to charge assessments and the methods to be pursued are defined in "A general act concerning taxes," approved March 19th, 1891. *Pamph. L., p.* 189.

Section 2 of that act provided for a review by the state

board of the assessment of the property of an individual taxpayer upon his complaint, and correct the same by reducing the assessment when the tax has not been paid.

By section 8 of the same act the state board is required to meet from time to time for the purpose of hearing complaints of any taxpayer respecting the taxes assessed against him in respect to his property, and the complaints of any taxing district or county respecting the action of any county board of equalization; the manner in which the complaints are to be presented to the state board is prescribed and the board is required to hear the complaints and to revise and correct the taxes assessed against the complaining taxpayer and revise and correct the determination of the county board of equalization by fixing the amount each taxing district shall raise in just proportion to the true value of the taxable property therein.

The proceeding in this case is upon the application of a taxing district to fix the amount at which the property of an individual taxpayer shall be assessed. It is not a complaint of an individual taxpayer respecting the taxes assessed against her, nor is it a complaint of a taxing district respecting the action of any county board of equalization. The judgment of the state board makes an original assessment against the property of an individual taxpayer; makes it for years which are not asked for in the petition, according to the affidavit to obtain the *certiorari;* makes it for years in which the taxes have been paid, and makes it upon the application of a taxing district.

We are not able to find that the state board had any such power, and the order complained of will be set aside, with costs.